UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JASON FOSTER,

                Plaintiff,

-against-

THE CITY OF NEW YORK, DET. JEROME BURNS, Shield No. 7971, Individually and in his Official Capacity, UNDERCOVER OFFICER, No. 43, Individually and in his/her Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF CASE

17-cv-07635

Plaintiff JASON FOSTER, by his attorney, Robert W. Georges, Esq., complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

1

3.	Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.	Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which all the claim arose.

## JURY DEMAND

5.	Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.	Plaintiff JASON FOSTER is an African American male, and at all relevant times a resident of the City and State of New York.

7.	Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.	Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.	That at all times hereinafter mentioned DET. JEROME BURNS, UNDERCOVER 43 and P.O.s JOHN DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.	That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13. Plaintiff JASON FOSTER is a 38 year-old African American male with no prior criminal convictions.

14. On or about April 10, 2015, at approximately 7:15 P.M., plaintiff JASON FOSTER was lawfully present in the vicinity of 125th Street and Lexington Avenue, in the County of Manhattan and State of New York.

15. Without provocation, defendants unlawfully stopped plaintiff.

16. Despite the fact that they lacked probable cause to believe that plaintiff had committed any crimes or offenses, Defendants placed plaintiff.

17. Defendants then unlawfully searched Plaintiff.

18. During this search, the defendants did not recover any marijuana, controlled substances, pre-recorded buy money or any other indicia of criminal activity.

19. Notwithstanding, defendants placed Plaintiff under arrest. He later learned

that he was arrested for Criminal Sale of a Controlled Substance in the Third Degree in violation of Penal Law §220.39(1).

20. From the scene plaintiff was transported to the police precinct.

21. At the precinct, defendants unlawfully strip-searched Plaintiff as they had no reason to believe that he had secreted any contraband on his person. Defendants received no contraband after the strip search.

22. At no time on April 10, 2015 did the defendants possess the requisite level of probable cause to justify arresting Plaintiff.

23. As a result of his unlawful arrest, Plaintiff was arraigned in Criminal Court in Manhattan and bail was set.

24. Plaintiff was unable to make the bail and he was then forced to remain in custody until his next court appearance a week later.

25. Plaintiff remained incarcerated for approximately seven (7) days until he was released from custody.

26. Plaintiff was then forced to return to court on numerous occasions before all of the charges against him were dismissed on October 22, 2015.

27. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

28. Plaintiff repeats, reiterates and realleges each and every allegation

contained in the above numbered paragraphs with the same force and effect as if fully set forth herein.

29.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

30.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the above numbered paragraphs with the same force and effect as if fully set

forth herein.

35. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

36. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above numbered paragraphs with the same force and effect as if fully set forth herein.

38. Defendants misrepresented and falsified evidence before the District Attorney.

39. Defendants did not make a complete and full statement of facts to the District Attorney.

40. Defendants withheld exculpatory evidence from the District Attorney.

41. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

42. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

43. Defendants acted with malice in initiating criminal proceedings against plaintiff.

44. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

46. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

47. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

48. Specifically, defendants falsely alleged that Plaintiff participated in a sale of marijuana to a police officer.

49. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JASON FOSTER'S favor on or about October 22, 2015, when all of the charges against Plaintiff were dismissed.

50. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above numbered paragraphs with the same force and effect as if fully set forth herein.

52. Defendants created false evidence against Plaintiff.

53. Defendants forwarded false evidence and false information to prosecutors in the Office for the Special Narcotics Prosecutor.

54. Defendants misled the prosecutors by creating false evidence against Plaintiff and thereafter providing false testimony throughout the criminal proceedings.

55. Specifically, defendants falsely alleged that Plaintiff participated in a sale of heroin to a police officer.

56. In creating false evidence against Plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

57. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in the above numbered paragraphs above with the same force and effect as if fully set forth herein.

59. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

60. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

    ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

65. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

66. The acts complained of deprived Plaintiff of his rights:

    A. Not to be deprived of liberty without due process of law;

  B.  To be free from seizure and arrest not based upon probable cause;

  C.  To be free from unlawful search;

  D.  Not to have summary punishment imposed upon him; and

  E.  To receive equal protection under the law.

67. By reason of the aforesaid conduct by defendants, Plaintiff requests the following relief:

  (a). compensatory damages;

  (b). punitive damages;

  (c). an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

  (d). any further relief as the Court may find just and proper.

68. **WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

  (a). an order awarding compensatory damages in an amount to be determined at trial;

  (b). an order awarding punitive damages in an amount to be determined at trial;

  (c). reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

  (d). directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated:  New York, New York
        October 5, 2017

                                                        BY:
                                                        _____/s/_____
                                                        **ROBERT W. GEORGES**
                                                        **KATHERINE E. SMITH**
                                                        Attorneys for Plaintiff
                                                        The Woolworth Building
                                                        233 Broadway, Suite 1800
                                                        New York, N.Y. 10279
                                                        Tel (212) 710-5166
                                                        Fax (212) 710-5162
                                                        rgeorges@georgesesq.com
                                                        ksmith@legalsmithny.com